*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRYSTAL RODGERS,

Plaintiff-Appellant,

UNPUBLISHED
March 2, 2023

v

CHRISTIE SYDOW,

Defendant-Appellee.

No. 358698
Kalkaska Circuit Court
LC No. 2020-013348-NO

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

The Recreational Land Use Act (RUA), MCL 324.73301(1), encourages property owners to "make [their] land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." *Rott v Rott*, 508 Mich 274, 291; 972 NW2d 789 (2021) (quotation marks omitted). Plaintiff, Crystal Rodgers, was injured while riding in an off-road vehicle (ORV) that defendant, Christie Sydow, owned, so she sued defendant for negligent entrustment, gross negligence, and owner's liability. The trial court granted summary disposition to defendant under MCR 2.116(C)(7) on each of plaintiff's claims, citing the immunity conferred by the RUA as the basis for its ruling. On appeal, plaintiff contends that all of her claims are viable in spite of the RUA, so the trial court erred in awarding summary disposition on each of the claims. We conclude that the claims for negligent entrustment and owner's liability are barred by the RUA, but summary disposition was not warranted on the gross-negligence claim.

## I. FACTUAL BACKGROUND

On June 9, 2018, plaintiff drove to defendant's house and then went with defendant to pick up Josh Kowalewski for a social visit. For two hours, plaintiff, defendant, and Kowalewski drank beer. Then, at about midnight, defendant showed off her ORV and asked Kowalewski and plaintiff if Kowalewski wanted to take plaintiff for a ride. They both agreed, so plaintiff and Kowalewski climbed into the ORV. Kowalewski drove the ORV on a dirt path on defendant's property at high speed with plaintiff in the passenger's seat. As they rounded a curve, the ORV tipped over onto the passenger's side. Kowalewski and defendant lifted plaintiff out of the ORV and saw that she

was bleeding from her forehead. Then defendant's mother took plaintiff to the hospital, where she remained for several days because of her injuries.

Plaintiff filed suit against defendant on March 12, 2020, alleging negligence, but plaintiff's second amended complaint filed on July 24, 2020, modified and expanded her theories to include a claim for negligent entrustment of the ORV to Kowalewski, a claim for gross negligence, and a claim for owner's liability under MCL 257.401. Defendant responded to those claims by moving for summary disposition, which the trial court granted pursuant to MCR 2.116(C)(7) by relying on the RUA, MCL 324.73301(1). The trial court memorialized its ruling from the bench in a written final order entered on September 13, 2021. Plaintiff then appealed.

## II. LEGAL ANALYSIS

We review de novo the trial court's ruling on defendant's motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court based its award of summary disposition upon MCR 2.116(C)(7), which affords relief when a claim is foreclosed by "immunity granted by law[.]" When reviewing a motion under MCR 2.116(C)(7), the "contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). When "no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010). But when "a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." *Id.* Applying these standards, we must determine whether each of plaintiff's three claims is barred by immunity under the RUA.

When it applies, the RUA, MCL 324.73301(1), immunizes a landowner "from liability for injuries occurring on the land 'unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner[.]' " *Rott*, 508 Mich at 292. But immunity under the RUA "is only triggered when someone is injured while on the land of another for certain purposes and under certain conditions." *Id.* at 293. As MCL 324.73301(1) makes clear,

> a cause of action does not arise for injuries to a person who is on the land of another without paying the owner . . . a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner . . . unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner[.]

That language yields several principles. First, "the RUA applies 'to individuals who, *at the time of the injury, are on the land* of another *for a specified purpose*.' " *Rott*, 508 Mich at 295. Thus, "the initial purpose for which one 'enter[s]' the land [is] not the proper focus." *Id.* Second, under the RUA, immunity is "limited to include only those outdoor recreational uses of the same kind, class, character, or nature as those specifically enumerated in MCL 324.73301(1)." *Id.* (quotation marks omitted). Therefore, the use must be similar to "motorcycling, snowmobiling," or another type of activity expressly identified in MCL 324.73301(1). Third, such similar uses are limited to

-2-

activities (1) "that could not be engaged in indoors" and (2) "require[ ] nothing more than access to the land[.]" *Id.* at 296-297.

Here, applying those three principles leads to the conclusion that plaintiff was engaging in an activity subject to immunity under the RUA when she suffered her injuries. Plaintiff was riding in an ORV at the time she was injured. The fact that she initially went to defendant's home for a social visit does not matter. *Id.* at 295. What matters is that she was riding in an ORV at the time of her injuries. *Id.* In addition, plaintiff was engaging in an activity contemplated by the RUA at the time of her injuries. Although riding in an ORV is not an activity identified in the RUA, riding in an ORV is very similar to the listed activities of motorcycling and snowmobiling. See *Neal v Wilkes*, 470 Mich 661, 671; 685 NW2d 648 (2004) ("riding an ATV . . . is an outdoor recreational use . . . within the meaning of the RUA"). Beyond that, riding in an ORV cannot be done indoors and it requires nothing more than access to the land. See *id.* at 296-297. Finally, because the ORV tipped over on land owned by defendant, the RUA may be interposed as a defense to civil claims in this case.

To be sure, the applicability of the RUA does not completely absolve defendant of liability because the immunity conferred by the RUA does not extend to "injuries . . . caused by the gross negligence or willful and wanton misconduct of the owner[.]" See MCL 324.73301(1). The RUA does, however, afford defendant immunity from any "cause of action" based on conduct that does not rise to the level of "gross negligence or willful and wanton misconduct." *Id.* Under Michigan law, gross negligence refers to conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. *Xu v Gay*, 257 Mich App 263, 269; 668 NW2d 166 (2003). Willful and wanton misconduct exists "if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Id.* at 270 n 3 (quotation marks omitted). Accordingly, plaintiff must offer evidence that satisfies one of those stringent standards in order to survive defendant's motion for summary disposition. With that concern in mind, we shall address each of plaintiff's three claims in turn.

## A. NEGLIGENT ENTRUSTMENT

Plaintiff's first claim asserts that defendant negligently entrusted her ORV to Kowalewski, who recklessly drove the ORV on defendant's land and thereby caused plaintiff's injuries. "[T]he tort of negligent entrustment imposes liability on one who supplies a chattel for the use of another whom the supplier knows or has reason to know is, because of youth, inexperience, or otherwise, likely to use it in a manner involving unreasonable risk of physical harm." *Bennett v Russell*, 322 Mich App 638, 643; 913 NW2d 364 (2018). A claim for negligent entrustment has two elements: (1) "the entrustor [was] negligent in enstrusting the instrumentality to the entrustee"; and (2) "the entrustee . . . negligently or recklessly misuse[d] the instrumentality." *Allstate Ins Co v Freeman*, 160 Mich App 349, 357; 408 NW2d 153 (1987), aff'd 432 Mich 656; 443 NW2d 734 (1989), mod 433 Mich 1202; 446 NW2d 291 (1989). "To establish negligent entrustment, a plaintiff need show only simple negligence in the entrustment and in the behavior which caused the activity" resulting in the injury. *Hendershott v Rhein*, 61 Mich App 83, 89-90; 232 NW2d 312 (1975). Because that claim rests on proof of simple negligence, see *id.*, it cannot survive the immunity conferred by the

RUA, MCL 324.73301(1).[1]  Accordingly, the trial court properly awarded summary disposition to defendant on that claim under MCR 2.116(C)(7).

## B.  GROSS NEGLIGENCE

Plaintiff's second claim, which alleges gross negligence, relies upon a theory that is viable as a matter of law under the RUA, which excepts from immunity the claim that plaintiff's "injuries were caused by the gross negligence . . . of the owner" of the land on which the injuries occurred. See MCL 324.73301(1).  But the trial court concluded, as a matter of fact, that the gross-negligence claim is fatally flawed.  Whether a defendant's "conduct constituted gross negligence is generally a question of fact," but "a court may grant summary disposition under MCR 2.116(C)(7) if, on the basis of the evidence presented, reasonable minds could not differ" on whether the defendant acted with gross negligence. *Tarlea v Crabtree*, 263 Mich App 80, 88; 687 NW2d 333 (2004) (quotation marks omitted).  We have explained that gross negligence is conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. *Xu*, 257 Mich App at 269.  But now we must determine whether the evidence in this case is so one-sided that reasonable minds could not differ on whether defendant acted with gross negligence.

Plaintiff testified that, on the day of the accident, defendant convinced her to go to pick up Kowalewski because defendant "was too drunk to drive."  On their way back to defendant's house, the three of them stopped to buy beer and then they returned to defendant's house after dark.  After they arrived at defendant's house, plaintiff "went out by the bonfire" with Kowalewski, who "had a bottle of vodka."  Kowalewski also "had a few" beers as they "were sitting there."  They "were not there very long before" defendant "got this [Polaris] General out" and encouraged plaintiff to go for a ride with Kowalewski in that ORV.  Plaintiff responded: "Okay.  Just for a minute."  Then plaintiff and Kowalewski climbed into the ORV and plaintiff "buckled something over" her waist. Kowalewski drove the ORV dangerously in the dark, "swerving it back and forth" until it tipped over, causing plaintiff to suffer serious injuries that she described in detail.

At defendant's deposition, she admitted that she knew Kowalewski was under the influence of alcohol when she invited him to take plaintiff for a ride in the ORV.[2]  Indeed, defendant stated during her deposition that she had been drinking beer with Kowalewski and plaintiff for two hours before she offered the ORV to them at approximately midnight.  Defendant also conceded that she knew Kowalewski "very well," so she knew that Kowalewski had "been in and out of jail . . . since he was probably a little boy" and that he did not have a driver's license.  Nevertheless, defendant suggested that Kowalewski should take plaintiff for a ride in the ORV.  Moreover, defendant made clear to them that Kowalewski should be the one driving the ORV.  After the accident took place, defendant was not surprised that Kowalewski could not "stay around" the scene "[b]ecause he was on probation" at the time.  The record plainly reveals that defendant knew Kowalewski much better

---

[1] Plaintiff argues that the immunity afforded to land owners by the RUA, MCL 324.73301(1), only applies to premises-liability claims, but we applied the RUA to bar a claim under the civil liability act, MCL 257.401 *et seq.*, of the Michigan Vehicle Code. *Milne v Robinson*, 339 Mich App 682; ___ NW2d ___ (2021), lv pending.  Thus, plaintiff's narrow reading of the RUA necessarily fails.

[2] Defendant maintained, however, that Kowalewski did not appear to be "drunk."

-4-

than plaintiff did, yet defendant neither provided details about Kowalewski to plaintiff nor warned plaintiff about Kowalewski before inviting plaintiff to ride with him in the ORV. That testimony provides ample evidence for a reasonable juror to find that defendant acted with gross negligence, so summary disposition under MCR 2.116(C)(7) is unwarranted.

Defendant argues that even if the evidence leaves open a factual issue on gross negligence, summary disposition on that claim is nonetheless appropriate because plaintiff has failed to show defendant's subsequent negligence. "Historically, for a claim of gross negligence to survive under Michigan common law, the plaintiff had to show that the defendant knew or should have known of the plaintiff's precedent negligence, and by the defendant's subsequent negligence caused injury to the plaintiff." *Xu*, 257 Mich App at 267. But our Supreme Court rejected that formulation and jettisoned the concept of subsequent negligence in *Jennings v Southwood*, 446 Mich 125, 130; 521 NW2d 230 (1994). We joined the chorus by rejecting the concept of subsequent negligence in *Xu*, 257 Mich App at 267-268, and we now reaffirm that subsequent negligence is no longer required to establish gross negligence. Thus, plaintiff simply must "adduce proof of conduct 'so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Maiden*, 461 Mich at 123. Plaintiff has furnished such evidence, so we must reverse the trial court's ruling granting summary disposition to defendant on plaintiff's gross-negligence claim.

## C. OWNER'S LIABILITY

Plaintiff's final claim, which alleges owner's liability under MCL 257.401, cannot survive our recent, published decision in *Milne v Robinson*, 339 Mich App 682; ___ NW2d ___ (2021), lv pending. There, we expressly held that the immunity conferred by the RUA, MCL 324.73301(1), trumps the liability created by MCL 257.401(1). Because we are bound to follow *Milne*, see MCR 7.215(J)(1), plaintiff's challenges to the reasoning of *Milne* are unavailing. Accordingly, we must affirm the trial court's decision granting summary disposition to defendant on the claim of owner's liability under MCL 257.401.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates